UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAHRYAR SHAHRGAN,

    *Plaintiff*,

v.

DEPARTMENT OF STATE, et al.,

    *Defendants*.

Civil Action No. 1:24-cv-03462 (CJN)

### ORDER

Plaintiff Shahryar Shahrgan initiated this lawsuit to compel the final adjudication of his visa application, which he alleged had remained in an indeterminate "administrative processing" status since February 2024. ECF No. 3 (Compl.) at 1 & ¶¶ 14, 20. In February 2025, however, the government moved to dismiss Shahrgan's complaint as moot, on the grounds that a consular officer had re-adjudicated Shahrgan's visa application and denied it pursuant to Sections 212(a)(3)(B) and 214(b) of the INA. ECF No. 8 (Mot.) at 1–2. As support for that statement, the government adduced a screenshot from the publicly available Visa Status Check system, which reflects that Shahrgan's visa case has recently been updated and that the status of his visa is "refused." *Id.* at 2.

Shahrgan did not respond to the government's motion to dismiss within the time afforded him to do so by Local Civil Rule 7(b). Nor did Shahrgan respond to the government's motion to dismiss by the extended deadline that the Court sua sponte set—which was more than three months after the government filed its motion to dismiss. *See* Min. Order of Apr. 18, 2025. Indeed, Shahrgan has not participated in this litigation in any way since filing his complaint in December 2024. The Court will therefore treat the government's motion to dismiss as conceded. *See* LCvR

7(b); *Fox v. Am. Airlines, Inc.,* 389 F.3d 1291, 1294–95 (D.C. Cir. 2004).  But even if Shahrgan *had* opposed the government's motion, it is difficult to imagine any argument he could have raised to defeat the clear conclusion that the Court lacks jurisdiction here.  Because Shahrgan has received the final adjudication of his visa application that he sought, "there is 'no meaningful relief' the Court can grant" him.[1]  *Sayad v. United States Dep't of Homeland Sec.*, 2022 WL 4130840, at *2 (D.D.C. 2022) (quoting *McBryde v. Comm. to Rev.*, 264 F.3d 52, 55 (D.C. Cir. 2001)) (dismissing as moot suit to compel visa adjudication where consular officer issued a final decision on plaintiff's application).

Accordingly, it is hereby

**ORDERED** that the government's Motion to Dismiss, ECF No. 8, is **GRANTED**; and it is further

**ORDERED** that this case is **DISMISSED AS MOOT**.

The Clerk of Court is directed to terminate this case.

DATE:  May 5, 2025

CARL J. NICHOLS
United States District Judge

---

[1] In any event, a visa applicant whose application is refused and then placed into administrative processing—as Shahrgan's was, *see* Compl. ¶ 14—has still "received the 'refused' decision that the law expressly authorizes as one of the allowed actions on a visa application." *Karimova v. Abate*, 2024 WL 3517852, at *4 (D.C. Cir. 2024) (per curiam) (citing 22 C.F.R. § 42.81; 8 U.S.C. § 1201(g)).  So even if Shahrgan's visa application had not been re-adjudicated, he would have been unable to show that consular officers committed a "transparent violation of a clear duty to act," as required to warrant relief under the APA or the Mandamus Act.  *Id.* at *1 (alteration omitted); *see Amjad v. Schofer*, 2024 WL 4416984, at *1 (D.D.C. 2024) (dismissing complaint on this basis).